# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH M. WHELTON, MARY G. WHELTON,<br><br>       Plaintiffs,<br>   vs.<br><br>MARINERS CAPITAL, INC., et al.,<br><br>       Defendants. | CASE NO. 10-CV-1706 JLS (AJB)<br><br>**ORDER: GRANTING BANK OF AMERICA N.A. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS' MOTION TO DISMISS**<br><br>(Doc. No. 6) |

On August 13, 2010, Plaintiffs filed this action against Defendants Mariners Capital, Inc.; Malan Financial Alliance Corp.; MFAC Escrow; Alliance Title; Mortgage Electronic Registration Systems (MERS); and Bank or America, N.A. (Bank of America). (Doc. No. 1 (Compl.).) On September 22, 2010, Defendants Bank of America and MERS (collectively, Moving Defendants) moved to dismiss or, in the alternative, strike portions of the complaint. (Doc. No. 6.) On September 24, 2010, the Court set a briefing schedule on Moving Defendants' motion to dismiss. (Doc. No. 7.) Pursuant to the briefing schedule, Plaintiffs' opposition to Moving Defendants' motion was **DUE BY** October 11, 2010. (Doc. No. 7.) To date, Plaintiffs have not opposed Moving Defendants' motion.

"The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond." *Navarro v. Greenlight Fin. Servs.*, 2010 WL 4117444, at *1 (S.D. Cal. Oct. 19, 2010) (Anello, J.) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)). Under Civil Local Rule

7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner requested by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Rule 7.1(e)(2) requires a party opposing a motion to file an opposition or statement of non-opposition no later than fourteen days prior to the noticed hearing, unless otherwise provided by court order.

Although public policy favors disposition of cases on their merits, *see, e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998), "a case cannot move forward toward resolution on the merits when the plaintiff fails to defend his or her complaint against a Rule 12(b)(6) motion," *Navarro*, 2010 WL 4117444, at *2. "Thus, this policy lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction." *Id.* The public's interest in expeditious resolution of litigation, the Court's need to manage its docket, and the potential prejudice to Moving Defendants all weigh in favor of dismissal. *See Ghazali*, 46 F.3d at 53. The Court finds that dismissal of this action pursuant to Civil Local Rule 7.1(f)(3)(c) serves to vindicate these interests given that several cases similar to this one are currently pending and awaiting resolution.

Moving Defendants' motion seeks dismissal of Plaintiffs' complaint without leave to amend. (Doc. No. 6-1 (Mem. ISO MTD), at 25.) Nevertheless, the Court considers dismissal with prejudice premature. Accordingly, the Court **GRANTS** Moving Defendants' motion to dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims against Bank of America and MERS. If Plaintiffs wish to continue litigating this case, they **SHALL FILE** an amended complaint addressing the deficiencies raised in Moving Defendants' motions <u>within 30 days of the date that this Order is electronically docketed</u>.

IT IS SO ORDERED.

DATED: December 3, 2010

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge